```
              THE UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF TEXAS
                    MCALLEN DIVISION

                    *  *  *  *  *

UNITED STATES OF AMERICA      *    NO. M-11-CR-1747-01
                              *    McAllen, Texas
VS.                           *    5:05 p.m. - 5:18 p.m.
                              *    5:25 p.m. - 5:34 p.m.
LORENZO GUZMAN               *    April 14, 2014

                    *  *  *  *  *

                        SENTENCING

          BEFORE THE HONORABLE RICHARD H. HINOJOSA
                UNITED STATES DISTRICT JUDGE

                    *  *  *  *  *
```

**THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY BE USED ONLY AS AUTHORIZED BY COURT ORDER.   UNAUTHORIZED REPRODUCTION WILL RESULT IN AN ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN ORIGINAL AND ONE COPY AT THE OFFICIAL RATE.**
**General Order 94-15, United States**
**District Court, Southern District of Texas**

```
        Proceedings recorded by electronic sound recording
          Transcript produced by transcription service
```

1    **APPEARANCES:**

2    For the United States:

3         MR. STEVEN T. SCHAMMEL
          **U.S. Attorney's Office**
4         1701 W. Business 83, Suite 600
          McAllen, Texas 78501

5    For the Defendant:

6
          MS. AZALEA ALEMAN-BENDIKS
7         **Assistant Federal Public Defender**
          1701 W. Business Highway 83
8         McAllen, Texas 78501

9    U.S. Probation:

10        ANNIE CRUZ

11   Electronic Recorder:

12        ANTONIO TIJERINA

13

14

15

16

17

18

19

20

21

22

23

24

25

1              **P R O C E E D I N G S**

2           **5:05 P.M. – APRIL 14, 2014**

3           THE COURT:  Criminal No. M-11-1747-01, *United*

4 *States of America vs. Lorenzo Guzman.*

5           MR. SCHAMMEL:  Government is present and ready,

6 Your Honor.

7           MS. ALEMAN-BENDIKS:  Your Honor, Mr. Guzman is

8 present and ready.  He does not need an interpreter.

9                Your Honor, I didn't have an opportunity

10 to review with him the late filed objections by the

11 Government; and nonetheless, we are ready to proceed.

12           THE COURT:  Okay, and the Court is going to go

13 ahead and grant the request to file the late filed

14 objections.

15                The manual that was being used in this

16 case is an old one?

17           MR. SCHAMMEL:  Yes, sir.

18           THE COURT:  And you feel that this objection

19 should apply even with the old one?

20           MR. SCHAMMEL:  Yes, sir.  In fact, all my

21 analysis and any quotations made --

22           THE COURT:  The other thing is this was not

23 very clear to me, this report from the standpoint of

24 weren't you supposed to put one count and then the

25 other count so that we knew exactly what applied to

 1  what count?  I mean, this is grouping and you go with

 2  certain rulings, but it wasn't clear to me.  You have

 3  two counts here, and in order to do that, what we

 4  normally have done is, first, we do Count 1 and then we

 5  do Count No. 4.  And here I don't know where you end up

 6  with which count.

 7            PROBATION OFFICER CRUZ:  Are we referring,

 8  Your Honor, to --

 9            THE COURT:  Well, when you get to the base

10  offense level and the enhancements, your supervisor,

11  did she go through this?

12            PROBATION OFFICER CRUZ:  She did, Your Honor.

13            THE COURT:  Okay.  Well, all right, just give

14  me Count No. 1 first and then Count No. 4 and then we

15  go through the grouping ways and then we determine what

16  the total amount is here.  And so I couldn't figure out

17  how you broke this up.

18                 There's two counts and when you have to

19  do both of them together, then we go to the grouping

20  rules, and then we end up where we're supposed to end

21  up here.  But this does not seem to have done that.

22            PROBATION OFFICER CRUZ:  Right, Your Honor, I

23  believe the Court is correct.

24            THE COURT:  And the reason for that is what?

25  And you can ask your supervisor tomorrow that I asked

1  why she didn't notice this.

2          PROBATION OFFICER CRUZ:  I will, Your Honor.

3          THE COURT:  I mean, the first thing that hits

4  me last night is, well, which is Count 1 and which is

5  Count 4 and then where do we end up here?

6          PROBATION OFFICER CRUZ:  Your Honor, I

7  apologize.  It was an oversight on my part.

8          THE COURT:  Okay.  Well, because these are

9  groupable, then the rule is what, that we go with the

10  highest or do we have to add points or what do we do?

11          PROBATION OFFICER CRUZ:  That we go with the

12  highest, Your Honor, and we have it in Paragraph No. 36.

13          THE COURT:  And then you all decided that you

14  only were going to do one set of offense level

15  computations?

16          PROBATION OFFICER CRUZ:  Correct, Your Honor.

17          THE COURT:  That hasn't been our practice.

18  You should have clearly stated which was Count 1 and

19  which was Count 4 and that based on the grouping rules,

20  we are going with the highest one.  That's what we

21  normally do and I think the supervisor should have

22  known that.

23          PROBATION OFFICER CRUZ:  I will advise, Your

24  Honor.

25          THE COURT:  Yeah, she needs to be advised of

 1  that.  This is totally different than what we normally

 2  do.

 3              The other thing is, the Commission voted

 4  last week to change something here with regards to

 5  these cases.  I don't think this matters in this case

 6  because the cross-reference here is made on a gun that

 7  he was personally -- that he has pled to, because a

 8  cross-reference -- you tried to apply the

 9  cross-reference here; right?

10          PROBATION OFFICER CRUZ:  Correct.

11          THE COURT:  Okay.  And then we end up with a

12  Level 26, but it's the same level as you've determined

13  otherwise; right?

14          PROBATION OFFICER CRUZ:  That is correct, Your

15  Honor.

16          THE COURT:  Okay, and so it didn't matter that

17  we went to Level 26.  However, if there is any one of

18  these four defendants that it does -- and this doesn't

19  go into effect until November 1st.  The Commission has

20  now changed that the cross-reference has to be the

21  weapon that was in the count of conviction.  In these

22  four cases it doesn't appear that where we have a

23  cross-reference that this makes any difference because

24  the cross-reference applies to each one of the weapons

25  as far as them going into Mexico.

1            Isn't that correct?  Mr. Schammel?

2          MR. SCHAMMEL:  That is correct, Your Honor.

3  There was discussion with the defendants with the

4  recruiter that all the weapons were --

5          THE COURT:  Were going into Mexico.  So

6  whatever substantive counts somebody pled to with

7  regards to the sham purchase, those weapons would be

8  eligible to the cross-reference because it is a weapon

9  that is going into Mexico.

10          MR. SCHAMMEL:  Yes, sir.

11          THE COURT:  Well, just be cognizant that after

12  November 1st, there is a possibility, if Congress

13  doesn't act otherwise, that the cross-reference is

14  going to be limited to the count of conviction with

15  regards to that particular weapon, rather than relevant

16  conduct type weapons.

17          MR. SCHAMMEL:  Yes, Your Honor, I'll take a

18  look at that tonight.

19          THE COURT:  Well, I'm saying that for

20  everybody, not just the prosecution.

21          MR. SCHAMMEL:  I understand.

22          THE COURT:  In this case it doesn't matter,

23  but was this clear to you?

24          MS. ALEMAN-BENDIKS:  I understand what the

25  Court is saying and I understand the cross-reference of

1    26 is lower than the 28 figured out --

2             THE COURT:  Right, because now we've gone to a

3    28 if we proceeded with the one that is being objected

4    to here.

5             MS. ALEMAN-BENDIKS:  Even higher, Your Honor.

6             THE COURT:  He's suggesting that this should

7    be --

8             MS. ALEMAN-BENDIKS:  Start with the 20 is what

9    he's suggesting.

10            THE COURT:  Okay.  Mr. Guzman, have you had an

11   opportunity to review this Presentence Investigation

12   Report?

13            DEFENDANT GUZMAN:  Yes.

14            THE COURT:  Have you discussed it with your

15   lawyer, sir?

16            DEFENDANT GUZMAN:  Yes, sir.

17            THE COURT:  Is there anything that you wanted

18   to tell the Court about this report or anything else

19   before I make a decision as to what kind of sentences

20   to impose in your case, sentences to impose with

21   regards to the two charges against you?

22            DEFENDANT GUZMAN:  I'd like to apologize to

23   you, Your Honor, I'd like to apologize to the Court,

24   and I'd like to apologize to my wife, daughter and

25   family for what I've done and all the harm and

1  embarrassment I've put them through.  I take full

2  responsibility for what I've done.  I know I've done

3  some stuff and it impacted them and I'm not proud of --

4  at the time of the offense I wasn't thinking about the

5  consequences I was doing for my offense.

6            THE COURT:  Well, how could you not be

7  thinking about this?  What did you think this was?

8            DEFENDANT GUZMAN:  At the time I was high on

9  drugs and all I wanted to do was score some more drugs

10  for my drug addiction without taking into consideration

11  what I'd done was wrong.  So I apologize for all the

12  harm I did from my actions.

13            I know I won't have this drug addiction

14  problem any more because all this time I've been here

15  has made me realized this kind of lifestyle is not for

16  me.  I've also become a born again Christian since two

17  years ago.  It hasn't been easy for me, but nothing's

18  going to make me turn back to that old lifestyle I had.

19            I'd like to thank you and I appreciate you

20  for letting me see my stepmom who raised me since the

21  age of four years old so I can say my blessings and

22  farewells before her burial.  Thank you very much, Your

23  Honor.  I am ready to comply with whatever the Court

24  wants me and needs me to do.  I hope you can take into

25  consideration that I get some leniency for what I've

1  done, so I can get home as soon as possible, so I can

2  start supporting my wife, daughter and family and being

3  there for them.

4          I know I will succeed and be a model

5  citizen and do what I need to do to help out my

6  community.  Thank you and God bless.

7          THE COURT:  Ms. Aleman-Bendiks, you obviously

8  reviewed this report with him; is that right?

9          MS. ALEMAN-BENDIKS:  Yes, Your Honor, I did.

10         THE COURT:  And obviously, the Court is aware

11  of the Title 18, Section 3553(a) factors, which it needs

12  to consider in order to make a determination as to what

13  the appropriate sentence should be in this case.  Two of

14  those factors, (a)(4) and (a)(5) require consideration

15  of the Guidelines as well as the policy statements

16  within the Guidelines.  I will therefore go ahead and

17  determine and calculate the Guidelines, as well as

18  consider the policy statements, including grounds for

19  departure.  And after having done that, then I will

20  consider all the applicable 3553(a) factors taken as a

21  whole in order to make a determination as to what the

22  appropriate sentence should be in this case.  Not every

23  factor will apply in every single case, as clear from

24  Paragraphs 32, 94 and 95, and restitution is not an

25  issue here.

1          Which, if any, objections do you need a

2   ruling from the Court on and what would you like to say

3   on his behalf here?

4          MS. ALEMAN-BENDIKS:  Your Honor, we are

5   objecting to the proposed Level 20 that the Government

6   has suggested in its objections apply in this case.  We

7   do recognize that Mr. Guzman is a prohibited person,

8   Your Honor.  But in this case, Your Honor, that Section

9   (4)(b) also requires that the Government prove that it

10  involved a semi-automatic firearm capable of accepting

11  a large capacity magazine.  And, Your Honor, the burden

12  is on the Government on that issue.

13          THE COURT:  What evidence do you have with

14  regards to that?

15          MR. SCHAMMEL:  Your Honor, as evident in the

16  PSR, the PSR Officer interviewed the ATF Agent who

17  worked in the undercover capacity.  The agent

18  specifically noted that the weapons requested and

19  purchased by the defendant contained magazines that

20  held in excess -- that held 30 rounds, which would then

21  put them within the -- within the purview of this Level

22  20.

23          MS. ALEMAN-BENDIKS:  And, Your Honor, we

24  recognize that that's referenced in the PSI, Paragraph

25  28.  At the same time, Your Honor, the firearm that

 1   he's referring to, to justify the enhancement to Level

 2   20 are the firearms that the agent himself provided.

 3   And so in some sense, this is a Government sting

 4   operation and the Government is in control of the type

 5   of firearms that are being used.

 6          THE COURT:  Yeah, but that doesn't make it any

 7   less, any more than the Government is always in control

 8   in a drug trafficking situation with regards to the

 9   drugs and --

10          MR. SCHAMMEL:  These are the same types of

11   weapons that he had previously purchased through all of

12   the co-defendants, Your Honor.

13          MS. ALEMAN-BENDIKS:  And, Your Honor, I mean,

14   I just don't know whether or not those other weapons --

15          THE COURT:  I mean, they didn't introduce any

16   other weapon other than the type of weapon that had

17   been purchased for him with regards to his dealings

18   with the other defendants.

19          MS. ALEMAN-BENDIKS:  And, Your Honor, we would

20   ask the Court for a ruling on that issue.

21          THE COURT:  Well, the Court is going to go

22   ahead and deny it.

23          MS. ALEMAN-BENDIKS:  Your Honor, what we'd

24   ask --

25          THE COURT:  And what year manual are we using?

```
 1            PROBATION OFFICER CRUZ:  2010, Your Honor.
 2            THE COURT:  Do you have that with you?
 3            PROBATION OFFICER CRUZ:  I do.
 4            MS. ALEMAN-BENDIKS:  Your Honor, we recognize
 5   that the four-level increase was assessed with respect
 6   to the number of firearms.  What we are objecting to
 7   is the four-level increase assessed with respect to
 8   trafficking as well as the four level increase assessed
 9   with respect to another felony offense.  Those eight
10   levels --
11            THE COURT:  As you know even from this
12   division, there's a Fifth Circuit court case that says
13   that's okay.
14            MS. ALEMAN-BENDIKS:  Yes, Your Honor, what
15   we're asking this Court to consider in that case, those
16   levels are -- in this case, those levels are excessive
17   because it's essentially punishing him for the same
18   type of conduct.  That would put him at a Level 32 if
19   the Court imposes all of those levels before acceptance
20   of responsibility credit.
21            MR. SCHAMMEL:  An, Your Honor, as you noted,
22   Fifth Circuit precedent at this point is that both of
23   those applications are appropriate in these specific
24   types of circumstances and they are not considered
25   double counting for purposes of Guidelines calculation.
```

1        MS. ALEMAN-BENDIKS:  Your Honor, in

2   Mr. Guzman's case the PSI also suggested a two level

3   increase for an aggravating role.  We are objecting to

4   that.  We do not believe that's appropriate in this

5   case.  Mr. Guzman does recognize --

6        THE COURT:  I don't think this is a case with

7   an aggravating role.

8        MS. ALEMAN-BENDIKS:  Thank you, Your Honor.

9        THE COURT:  Did the Government want to say

10  something about this?

11       MR. SCHAMMEL:  No, Your Honor, we'll leave

12  that to the Court.

13       MS. ALEMAN-BENDIKS:  Your Honor, without the

14  aggravating role, we're still at a very high level.

15  We'd ask the Court to consider criminal history over

16  representation.  He does have four criminal history

17  points, which puts him in a Category 3.  With the

18  additional acceptance of responsibility point, Your

19  Honor, we're still at Level 29, Category 3, looking at

20  108 to 135.  That's certainly significantly more than

21  he thought he was receiving.  He thought we were coming

22  here with approximately a 70 to 87 month Guideline

23  range.

24        He is ready to proceed, Your Honor.  He'd

25  ask the Court to consider that he does want to return

1  to his life.  He's a U.S. citizen.  He recognizes the

2  mistakes that he's made.  He wants to get back to his

3  family.  He has been detained now approximately two and

4  a half years here locally at a facility.  It's been a

5  very difficult situation for him, Your Honor.  He does

6  need drug and alcohol treatment to help him to address

7  his needs once he gets out into the free world.

8          And  the last thing, Your Honor, that he

9  has done everything possible to help himself, but

10  unfortunately, there have been no results.

11       THE COURT:  And the reason for that is what?

12  The reason that -- if he's tried to help, the reason

13  that nothing has been done with regards to this is what?

14       MR. SCHAMMEL:  Your Honor, the assistance he

15  gave was not that we were actually able to take down

16  anybody to the next level of the organization.

17       *[Pause]*

18       MS. ALEMAN-BENDIKS:  Your Honor, may I approach

19  with the Government --

20       THE COURT:  Sure.

21       MS. ALEMAN-BENDIKS:  -- and Mr. Guzman?  He

22  wanted to clarify one situation.

23       THE COURT:  Sure.

24       *[5:19 p.m. – 5:26 p.m. Sealed bench conference*

25  *filed under separate cover]*

1        THE COURT:  Ms. Aleman-Bendiks, did you have

2   anything else you wanted to say?

3        MS. ALEMAN-BENDIKS:  No, we'd just ask the

4   Court to make any kind of consideration that the Court

5   feels is appropriate.

6        THE COURT:  You what?

7        MS. ALEMAN-BENDIKS:  We'd ask the Court to

8   consider anything that the Court feels appropriate

9   below the Guideline range.

10       THE COURT:  Does the Government want to say

11  anything else?

12       MR. SCHAMMEL:  Your Honor, the Government

13  would move for the additional point for acceptance of

14  responsibility.

15       THE COURT:  The only problem with this, I

16  think when you start using the extra points for the

17  four exportation, at that point you then question what

18  this person's role is as opposed to the person that was

19  actually in charge of taking it over.

20       MS. ALEMAN-BENDIKS:  And we'd ask the Court to

21  consider a mitigating role in Mr. Guzman's case,

22  considering that those levels are assessed as to him.

23       THE COURT:  Well, because we are considering --

24       MS. ALEMAN-BENDIKS:  Export -- the actual

25  export.

```
1              THE COURT:  -- the exportation.  And so
2    therefore, that adds four points to this and that's not
3    exactly what he was doing himself and it was clear that
4    he was working for somebody else.  It's also clear that
5    somebody else, the whole case has been made against
6    them.
7              Does the Government want to say anything
8    else?
9              MR. SCHAMMEL:  Your Honor, we're ready to
10   proceed.
11             THE COURT:  The base offense level, based on
12   what the defendant has pled guilty to here in this
13   case, is 20.  That's pursuant -- and this is a
14   different consideration here than what's on this report
15   here -- pursuant to 2K2.1(b)(4), is that right,
16   (b)(4)(B)?
17             PROBATION OFFICER CRUZ:  That's correct, Your
18   Honor.
19             THE COURT:  That was your objection; is that
20   right?
21             MR. SCHAMMEL:  Yes, the objection was to
22   (b)(4)(B), Your Honor.  The Government position was it
23   should have been (b) -- I'm sorry, it was (b)(6) and
24   the Government's position was should have been (b)(4).
25             THE COURT:  It would be (4)(B).
```

```
 1             MR. SCHAMMEL:  Yes, sir.
 2             THE COURT:  It's 2K2.1(a)(4)(B)?
 3             MR. SCHAMMEL:  (a)(4), yes, sir, (B).
 4             THE COURT:  So this is a plus 20.
 5                 Pursuant to 2K2.1(b)(1)(B), the number of
 6  weapons becomes a plus 4.
 7                 Pursuant to 2K1.(b)(5), he did engage in
 8  trafficking as reflected in this report, so there is a
 9  plus 4.
10                 Pursuant to 2K2.1(b)(6), there is a plus 4
11  here -- plus 2 --
12             MR. SCHAMMEL:  It would be plus 4, Your Honor.
13             THE COURT:  -- plus 4 based on the fact that
14  it was in relationship to the commission of another
15  felony, which would be the drug -- crossing the border
16  illegally.  So this becomes a Level 32.
17                 Pursuant to Guideline Section 3B1.2(b),
18  the Court is going to find that he's a minor
19  participant.  The adjusted offense level is 30.  There
20  is a minus 2 for acceptance of responsibility, as well
21  as the extra minus 1.
22                 You moved for the extra point; is that
23  right?
24             MR. SCHAMMEL:  That is correct, Your Honor.
25             THE COURT:  The Total Offense Level,
```

1  therefore, is 27; is that correct?

2          PROBATION OFFICER CRUZ:  That is correct, Your

3  Honor.

4          THE COURT:  And his Criminal History Category

5  is 3.  The Court will adopt paragraphs 37 through 59

6  of this Presentence Investigation Report, with the

7  exception of paragraph 37, 46, as well as 48 and 50.

8          With a 27, Criminal History Category 3.

9  His range becomes 87 to 108 months.

10          The Court having considered that, as well

11  as all the applicable 3553(a) factors is going to find

12  that the appropriate sentence in this case is a

13  sentence of 87 months.  There will be a $100 special

14  assessment against him, as required by law.  There

15  will be a two-year supervised release in his case to

16  commence upon release from confinement under the

17  conditions which have been adopted as standard in the

18  Southern District of Texas, to include all statutory

19  requirements.

20          This is with regards to Count 1 and Count

21  4, with regards to each one of these, to run concurrent

22  with each other.  There is a $100 special assessment

23  with regards to each one of them.  The Court will not

24  impose a fine or the costs of incarceration on him, in

25  that the Court will find that he would be financially

1   unable even if the Court were to impose instalments to

2   make those payments.

3              The reasons that I've chosen this sentence

4   is because I've considered all the applicable 3553(a)

5   factors and find this is an appropriate sentence.

6              Mr. Guzman, I want you to understand that

7   if you would like to appeal this sentence, you have

8   within 14 days from the entry of judgment in this case

9   within which to do that, sir.  The way that you do

10  that, sir, is by filing a Written Notice of Appeal with

11  the Clerk of the Court within that time period.  If you

12  are unable to afford the cost of an appeal with that

13  time period, you will also have to file a motion to

14  proceed in forma pauperis in which you indicate to the

15  Court that you're unable to afford the cost of an

16  appeal.  And if the Court were to find that you were

17  unable to afford the cost of an appeal, the Court would

18  appoint an attorney to represent you at no cost to you,

19  as well as bear the cost of the appeal.

20              I will indicate that this was two counts

21  that would be groupable.  The Court did go with the

22  highest one, as required under the grouping section of

23  the Guidelines, and this was the appropriate way to

24  proceed.

25              I will recommend that he be placed in an

1   institution where he can receive any alcohol and/or

2   drug abuse treatment or counseling that may be helpful

3   in this case, as well as one as close as possible to

4   his family.  I will also require that he have a special

5   condition of his supervised release term that he not

6   submit himself to any -- that he submit himself to any

7   drug abuse treatment or counseling -- and/or alcohol

8   abuse treatment or counseling that may be required of

9   him by the probation officer.

10           Mr. Guzman, you're going to get credit for

11   the amount of time that you've already spent in custody.

12   You can also get up to close to 15 percent of the time

13   off for good behavior.

14           I don't think I have to explain to you all

15   over again about how serious your prior convictions are.

16           DEFENDANT GUZMAN:  Yeah, I know.

17           THE COURT:  You have been in the middle of some

18   serious violations of law, which I can't understand

19   what's causing this.

20           DEFENDANT GUZMAN:  It was just me being drunk

21   and not thinking about what I was doing, Your Honor.  I

22   mean, a drug problem is what it was, I mean.

23           THE COURT:  Well, hopefully, since 2011, of

24   November 2011, you haven't had anything to use as far

25   as drugs, and that hopefully by the time you get out,

1   this will never happen to you again and you put

2   yourself in a much better situation.  You do have a

3   family that you need to be taking care of and they've

4   been loyal to you, but it's about time that you started

5   having some responsibility with regards to them.

6                DEFENDANT GUZMAN:  Yes, sir.

7                THE COURT:  And if it's drugs or alcohol -- I

8   don't think I need to explain to you also how serious

9   this crime is from the standpoint of the violence that

10  it's causing on both sides of the border.

11               DEFENDANT GUZMAN:  Yes.

12               THE COURT:  And we have two wonderful

13  countries that are neighbors and I think we can do

14  better than what we've been doing for each other,

15  whether it's the drug use on this side of the border

16  and the crossing of firearms from this side of the

17  border to Mexico and the drugs coming up from the

18  northern part of Mexico up here, we have issues in both

19  countries, and I think both countries deserve better

20  from the people involved in the middle of all of this.

21               I can no longer reduce the sentence unless

22  within one year from today the Government files a

23  motion to reduce your sentence based on cooperation and

24  assistance.  There is this one-year time limit.  You

25  can speak with Ms. Aleman-Bendiks about this.  It can be

 1  extended under very limited circumstances.  I don't have

 2  to grant that motion, but I look at those very seriously

 3  and rule on them quickly.

 4          You act like you want to say something,

 5  Ms. Aleman-Bendiks?

 6          MS. ALEMAN-BENDIKS:  Yes, Your Honor, I just

 7  want to clarify, on that second count it has a

 8  statutory maximum of five years and so that's what the

 9  Court has imposed?

10          THE COURT:  60 months for that one.

11          MS. ALEMAN-BENDIKS:  Yes, Your Honor.  Thank

12  you, Your Honor.

13          THE COURT:  That felon in possession -- the

14  false statement, I mean, has a mandatory -- a maximum

15  of five years and that is the 60 months, and you're

16  right.

17          MS. ALEMAN-BENDIKS:  Thank you, Your Honor.  I

18  appreciate it.

19          THE COURT:  But the Court is running them

20  concurrent to each other.

21          MS. ALEMAN-BENDIKS:  Thank you, Your Honor.

22  We appreciate that.  May I speak to him?

23          THE COURT:  Yes, ma'am.

24          DEFENDANT GUZMAN:  Thank you.

25          MR. SCHAMMEL:  The Government would dismiss the

1    remaining counts as to this defendant.

2         THE COURT:   That's granted.

3         *[5:34 p.m – Proceedings adjourned]*

4

5               C E R T I F I C A T I O N

6

7    I certify that the foregoing is a correct

8    transcript of the electronic sound recording of the

9    proceedings in the above-entitled matter.

10

11

12   /s/ Gwen Reed

13   5-25-14

14

15

16

17

18

19

20

21

22

23

24

25